STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

FILED
**April 12, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **M.G., C.G., L.G., H.G., and A.G.**

**No. 15-0962** (Cabell County 14-JA-0240, 14-JA-0241, 14-JA-0242, 14-JA-0243, and 14-JA-0244)

## MEMORANDUM DECISION

Petitioner Mother P.G., by counsel David R. Tyson, appeals the Circuit Court of Cabell County's July 20, 2015, order terminating her parental rights to M.G., C.G., L.G., H.G., and A.G. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Cathy L. Greiner, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in adjudicating her an abusing parent and in terminating her dispositional improvement period.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2014, The DHHR filed an abuse and neglect petition alleging that petitioner and the father of the subject children, failed to properly supervise the children, engaged in domestic violence in the children's presence, and had uncontrolled mental health issues. Services were provided to petitioner and the father, and the circuit court dismissed the matter by order dated September 18, 2014, and the children "were returned to the home with services." A service provider arrived at the home and observed the father yelling at petitioner, which could be heard from outside the home. Petitioner further disclosed to the service provider that the father choked her, pushed her up against the wall, and yelled at her during the altercation. Petitioner stated that the father suffered from a gambling addiction and was "gambling all of their money away" at a local gambling establishment. The service provider further observed that the children in the home were anxious, screaming, and crying while petitioner attempted to maintain order. One of the children was found outside, standing in the front yard alone. The service provider put a protection plan in place that required the father to

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

leave the home. In response to the protection plan, the father threatened to have all the utilities in the home disconnected in order to force petitioner and the children out of the home. The service provider observed that the children "continuously hit, punched, kicked, and broke things." She also observed that petitioner and the father were not consistent with structure or discipline for the children and fought in front of the children. The children were truant and displayed behavioral issues at school. The service provider reported her findings to the DHHR and filed reports with the circuit court.

In October of 2014, the circuit court held a hearing to address the service provider's reports. The service provider testified regarding the reports she filed with the circuit court. Petitioner also testified at the hearing. Based on the court summary, witness testimony, and recommendations of counsel, the circuit court found that there was "severe emotional domestic violence occurring in the home." At the close of the hearing, the circuit court adjudicated petitioner and the father as abusive and neglectful parents by order dated October 17, 2014. The circuit court granted petitioner and the father a six-month adjudicatory improvement period. The circuit court further ordered that the father could return to the home, the children could remain in the home, both parents were required to submit to random drug screens, and the DHHR must file a new petition to include the allegations addressed at the hearing. In November of 2014, the DHHR filed an amended petition alleging that petitioner and the father engaged in domestic violence in the children's presence; suffered from untreated mental health issues; continually failed to supervise the children; had past histories of drug and alcohol abuse; and the father failed to participate in services. The petition further alleged that the children suffered developmental delays.

In January of 2015, the circuit court held a hearing regarding petitioner's adjudicatory improvement period. The circuit court noted that the guardian recently filed an emergency motion to remove the children from the home based on the parents' failure to submit to drug screens, the children's disheveled appearance in the home, and the "utter and complete chaos [that] reigned" in the household. The DHHR also moved to terminate petitioner's adjudicatory improvement period. A service provider testified that petitioner and the father were not participating in random drug screening. The parties agreed that the father would remove himself from the home. The circuit court ordered that the children would remain in the home, over the guardian's objection, and terminated petitioner's adjudicatory improvement period. The circuit court treated the hearing as a dispositional hearing and granted petitioner a dispositional improvement period. On January 29, 2015, the circuit court held a hearing on the guardian's emergency motion to remove the children from the home. The guardian recommended removing the children because the parents were not capable of providing a safe environment for their children. At the close of the hearing, the circuit court found that petitioner did not comply with its previous orders and failed a drug screen. The circuit court authorized the children's separation for foster placement, "given their propensity towards harming each other." The circuit court granted petitioner another improvement period.

In May of 2015, the circuit court held a hearing to review petitioner's dispositional improvement period. At the hearing, the children's foster parents and a service provider testified regarding the effect visitation with the biological parents had on the children. They testified that the children's behavior was worse after visiting their parents. The service provider testified that

the parents showed a "complete lack of being able to handle the children." He also testified that he had seen a positive change in the children's behavior since their placement in separate foster homes. The circuit court ordered that the children remain in the legal and physical custody of the DHHR and terminated visitation between the children and the parents. Sometime after the review hearing, the DHHR filed a motion to terminate petitioner's dispositional improvement period.

In July of 2015, the circuit court held a final dispositional hearing. At the hearing, petitioner testified that she remedied the domestic violence issue between her and the father because they were now divorced. The father testified that he and petitioner were divorced but he lived next door to her and they continued to work together. After the close of the hearing, the circuit court thoroughly restated all of the evidence presented and previous findings made in the matter. In a seventy-four page order, dated July 20, 2015, the circuit court granted the DHHR's motion to terminate petitioner's dispositional improvement period and terminated petitioner's parental rights.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in adjudicating her an abusing parent because there was no evidence that the children had been abused or neglected.[2] However, it is clear from the record that the circuit court had sufficient evidence to find that petitioner was an abusing parent. The circuit court based its decision on the testimony at the adjudicatory

---

[2]The circuit court actually adjudicated petitioner as a "neglectful parent" based upon its finding that she abused or neglected the children. The Court notes, however, that the West Virginia Code provides only for a definition of "abusing parent." According to West Virginia Code § 49-1-201, "'[a]busing parent' means a parent, guardian or other custodian, regardless of his or her age, whose conduct has been adjudicated by the court to constitute child abuse or neglect, as alleged in the petition charging child abuse or neglect." Because this definition encompasses parents who have been adjudicated of either abuse or neglect, the Court will use the correct statutory term throughout this memorandum decision.

hearing that established that petitioner and the father engaged in domestic violence in the children's presence. The evidence further established that petitioner could not properly supervise the children, did not change their diapers or feed them, and had little or no interaction with the children. According to the testimony presented, petitioner could not control her children during relatively short supervised visits. The visits were interrupted by service providers because visits with petitioner were "chaotic . . . a lot of throwing things, climbing on tables, hiding behind things, running out of our supervised visit room, throughout our office, down the hallways. A lot of yelling and screaming." According to the evidence presented, petitioner was unable to, even after the provision of multiple services, physically care for, protect, or control her children. The children ran away from home, inflicted injury on themselves and on each other, were developmentally delayed, and needed extensive medical and dental care. It is clear from the record that after visitations with petitioner were terminated, the children were better behaved and more adjusted in their foster placements. Therefore, the circuit correctly adjudicated petitioner an abusing parent.

Next, the Court finds no error in the circuit court's termination of petitioner's improvement period. On appeal, petitioner argues that the circuit court abused its discretion when it terminated her dispositional improvement period. We have held that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements; it is also within the court's discretion to terminate the improvement period if the court is not satisfied that the [parent] is making the necessary progress . . . . " *In re: Lacey P.*, 189 W.Va. 580, 586, 433 S.E.2d 518, 524 (1993). Unfortunately, there is little evidence that petitioner attempted to make any progress toward improving the circumstances which precipitated the removal of her children. It is clear from the record that petitioner did not correct the circumstances of abuse and neglect, as evidenced by the fact that a new abuse and neglect petition was filed within days of the previous petition's dismissal. Moreover, petitioner was given multiple opportunities to correct the conditions of abuse and neglect and she failed to improve her ability to care for her children. As such, it was not error for the circuit court to terminate petitioner's dispositional improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 20, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **April 12, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II